## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

    **v.**                                  **Criminal No.: 1:15CR18**

**JOHN GLENN BARTLEY,**

      **Defendant.**

### MR. BARTLEY'S RESPONSE TO THE
### GOVERNMENT'S TRIAL MEMORANDUM

### Introduction

On March 30, 2016, the government filed a Trial Memorandum indicating to undersigned counsel that it intends to introduce evidence of multiple alleged sexual assaults and rapes by Mr. Bartley together with other evidence which has no rightful place in this trial.  Specifically, the government alleged that Mr. Bartley compelled Alicia Witt to engage in sexual acts in his office at some point in 2009 or 2010 and called Ms. Witt's mother to explain in the middle of the night that Ms. Witt was a "whore."  In addition, the government disclosed its belief that Mr. Bartley allegedly forced himself sexually on Margaret Averella and then, after they parted ways, he attempted to spray her wedding dress with red paint.

The government has gone too far in its attempt to mine a multitude of prior bad acts and uncharged conduct and package them up for the jury under one strained theory of admissibility or another.  This Court should place limits on the government.  All of this is untimely, irrelevant, unfairly prejudicial and otherwise inadmissible under the Federal Rules of Evidence.

**Argument**

**1.    The evidence of Mr. Bartley's alleged sexual assault should be excluded.**

The disclosure of the alleged sexual assaults upon Alicia Witt and Margaret Averella is untimely. To be sure, all parties knew of the existence of a romantic relationship between Mr. Bartley and Alicia Witt and Mr. Bartley and Margaret Averella since the early stages of this case. According to the FBI 302 report referenced in the government's trial memorandum and received by the defense, Mr. Bartley discussed having sex with Ms. Witt in the workplace.  Mr. Bartley considered this sex to be "inappropriate" because of the setting.  In no way was this an admission to rape or sexual assault.

Any information about rape or sexual assault should have been disclosed in discovery long ago -- on February 25, 2015, according to this Court's scheduling order -- if the government intended to introduce it in its case-in-chief.  It is impossible for the defense to investigate and then formulate a response to these serious allegations in the five (5) business days between the disclosure and the trial on April 6, 2016.  It should be excluded on the basis of the Rule 16 violation, alone.  See Fed. Rule of Criminal Procedure 16(d)(2)(C)(the district court may prohibit a party from introducing undisclosed evidence if the party fails to comply with this rule).

The alleged rapes and sexual assaults against these women are not relevant. Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence more or less probable than it would be without the evidence." Rule 401 Fed. R. Evid.  The alleged sexual assaults and rapes against Alicia Witt and Margaret Averella have no bearing on the elements of Mr. Bartley's alleged harassment.  These alleged sex crimes occurred prior to the conduct alleged in the indictment.  In the case of Margaret Averella, the sexual assault involved a person other than the person named in the indictment, a different location and

a different set of personal circumstances.  What's more, as further discussed below, harassment, which is charged in every count of the indictment, is not nearly the equivalent of sexual assault or rape, and, therefore, sexual assault and rape cannot be substitutes at trial for some other episode of harassment and then proclaimed proof of the "course of conduct" element of an offense charged in the indictment.

The alleged sexual assault and rape evidence is improper 404(b) evidence.  The criteria for prior "bad acts" under United States v. Johnson, 617 F.3d. 286, 296 (4th Cir. 2010) are: "the evidence (1) must be relevant to an issue, such as an element of the offense, and not be offered to establish the general character of the defendant; (2) must be necessary in the sense that it is probative of an essential element of the offense; (3) must be reliable proof that the defendant in fact committed the other act; and (4) the evidence's probative value must not be substantially outweighed by the unfair prejudicial effect, confusion of the issues, unwarranted distractions, or time considerations." Id.

The sexual assault evidence fails under the Johnson test.  At the very least, it is not necessary and it will give rise to a tremendous prejudicial effect and a confusion of the issues. The government, for its part, does not articulate in detail why this evidence would qualify for introduction under Rule 404(b).  Since it is the burden of the moving party to establish the admissibility of evidence, undersigned counsel reserves the right to respond to that argument.

The government emphasized in the Trial Memorandum that the evidence of sexual assault and rape should be admitted under United States v. Kennedy 32 F.3d 876 (4th Cir. 1994), because it is "necessary to complete the story of the crime."   Mr. Bartley is charged in every count in the indictment under the harassment prong of the statue involved.  This is *not* a rape case and Mr. Bartley is *not* on trial for violent acts -- domestic or otherwise -- threats or

intimidation.  It seems, the government hardly believes that harassment, alone, as it was charged

in the indictment, is sufficient to carry the day.  So, with the new evidence of sexual assault and

rape, the government is manufacturing something far more inflammatory to hang its hat on at

trial.  Mr. Bartley objects because none of this completes the story of the harassment crime

charged in every count and none of it is inextricably intertwined with the alleged offense

conduct.  As stated, the alleged sexual assaults took place before the alleged offenses of

harassment began in May 2010.

        In addition, to the extent that the government will endeavor to characterize the alleged

conduct in this case as anything more than "harassment," as charged in every count, Mr. Bartley

objects.  The labels "stalker," "predator," "domestic violence offender," "rapist," "sex offender,"

and the like have no place in the trial.  The government has begun to use such terms loosely in

court and in its pleadings.  They carry with them very powerful and derogatory opinions and

assumptions, which as an accused citizen, presumed innocent, should not have to suffer.

        Moreover, the Court should find that the probative value of the sexual assault and rape

evidence is substantially outweighed due to the prejudicial effect and confusion of the issues.

Unfair prejudice is defined as an undue tendency to suggest a decision on an improper basis,

commonly though not necessarily, an emotional one.  This case has transformed into trial by

404(b) and Kennedy.  Mr. Bartley objects to the admission of sexual assault and rape evidence

because it will overwhelm the jury with the belief that Mr. Bartley is a violent person who

regularly committed forcible sexual assault against multiple women.  Sexual assault and rape

evidence is arguably the most inflammatory evidence the government could introduce in a trial

about harassment through the mail and harassment by traveling crossing state lines.  Therefore,

there is a substantial risk that the jury will conclude that -- even though the government has not

bet its burden of proof as to the offenses charged -- Mr. Bartely should still be convicted and then punished.

### 2.   The testimony about Margaret Averella's wedding dress should be excluded.

The testimony from Margaret Averella about Mr. Bartley's alleged attempt to destroy her wedding dress is not appropriate for admission at trial.  Like the sexual assault, the government never indicated in the 404(b) notice or the Kennedy notice that it intended to introduce this evidence at trial for these purposes.  The defense has no quarrel with some evidence about the context.  In this case, evidence of the context is the only way to prove the intent to harass, which is an essential (and disputed) element of every charged offense.  The defense itself sought to introduce evidence of the commercial dispute between Mr. Bartely and Ms. Witt -- which is the actual context and the other side of this case -- in an effort to show Mr. Bartley's true intent to influence the profitability and overall success of the company employing Ms. Witt, not to harass Ms. Witt personally.  All of that evidence was excluded by this Court and Mr. Bartley objects to that ruling – because it eliminated his defense -- but he will have to comply with it.

Yet, at some level, what is good for the defense should be good for the prosecution and this Court should begin to seriously limit the prior and unrelated acts that the government is cobbling together to persuade the jury that Mr. Bartley is a bad person who could have only had the intent to harass, or worse.  Mr. Bartley never did a single thing to Margaret Averella's wedding dress.  It is only the statement of an unnamed proprietor, from an unnamed store, in an unknown location, as reported by Averella herself, suggesting that he planned to do so.  This is unreliable hearsay.  Furthermore, it is misleading and unfairly prejudicial, especially given the large volume of other 404(b) evidence and Kennedy evidence which the government will attempt to introduce.

**3.   The evidence from Ms. Witt's mother about a phone call should be excluded.**

Finally, the Court should not admit testimony about the phone conversation at some unknown time between Alicia Witt and her mother.  This testimony is hearsay.  Rule 801 Fed. R. Evid.  Hearsay is defined as a statement that "the declarant does not make while testifying at the current trial; and the party offers in evidence to prove the truth of the matter asserted in the statement." Id.  The phone conversation between Alicia Witt and her mother does not fall under any exception to the hearsay rule and, in particular, it is not a qualified statement under 803(2) -- the "excited utterance" exception.

Here, Mr. Bartley is not charged with harassing Ms. Witt's mother.  While any derogatory comment about a family member is distressing and entirely unfortunate, it is not, standing alone, a startling event, as contemplated by this exception to the hearsay rule, such as a murder, fight, car accident, fire, or explosion.  The government has not cited (and our legal research has not revealed) a single published federal case with an analogous event serving as the basis for the admission of this form of hearsay under the excited utterance exception.

**Conclusion**

This Court should limit the uncharged misconduct, 404(b) evidence, Kennedy evidence, and any other inappropriate "tiles in the mosaic" proposed by the government.  This approach toward the prosecution of Mr. Bartley is spiraling out of control.  Undersigned counsel fears the cumulative effect of this form of evidence will overwhelm the jury; the direct evidence will become merely an afterthought and Mr. Bartley will not receive a fair trial.

Mr. Bartley respectfully requests that this Court exclude this evidence and issue an order prohibiting the government from making any reference to alleged sexual assaults or rapes, directly or indirectly, at trial.  Likewise, Mr. Bartely requests that this Court prohibit the

introduction of the phone call to Alicia Witt's deceased mother and the alleged wedding dress

incident.

Respectfully submitted,

**JOHN BARTLEY**

By:    s/ L. Richard Walker
       L. Richard Walker
       WV State Bar No. 9580
       Attorney for Defendant
       Federal Public Defender Office
       230 West Pike Street, Suite 360
       Clarksburg, West Virginia 26301
       Tel. (304) 622-3823
       Fax. (304) 622-4631
       E-Mail: Richard_Walker@fd.org


By:    s/ Nicholas J. Compton
       Nicholas J. Compton
       Attorney for Defendant
       WV State Bar # 11056
       Federal Public Defender Office
       MVB Bank Building
       651 Foxcroft Avenue, Suite 202
       Martinsburg, West Virginia 25401
       Tel. (304) 260-9421
       Fax. (304) 260-3716
       E-Mail. Nicholas_Compton@fd.org

## CERTIFICATION OF SERVICE

I hereby certify that on April 4, 2016, I electronically filed the foregoing with the Clerk

of the Court using the CM/ECF system, which will send notification of such filing to the

following:

**Michael Stein, Esq., Assistant U.S. Attorney, U.S. Attorney's Office - Wheeling**

By: <u>s/ L. Richard Walker</u>
   L. Richard Walker
   WV State Bar No. 9580
   Attorney for Defendant
   Federal Public Defender Office
   230 West Pike Street, Suite 360
   Clarksburg, West Virginia 26301
   Tel. (304) 622-3823
   Fax. (304) 622-4631
   E-Mail: Richard_Walker@fd.org

.